Larry Mack **STUCKEY, by and through his guardian, Janet Stuckey, Appellant,**

v.

**YOUNG EXPLORATION COMPANY, a Delaware Corporation, Gerald M. Young Machine Co., an Oklahoma Corporation, International Harvester Company, a Delaware Corporation, Young Northern Exploration Company, an Oklahoma Corporation, and City Spring Works, Inc., an Oklahoma Corporation, Appellees.**

No. 49649.

Supreme Court of Oklahoma.

Oct. 3, 1978.

Rehearing Denied Nov. 20, 1978.

John M. Merritt, Oklahoma City, for appellant.

Russell B. Holloway and William C. McAlister, of Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, for appellee, International Harvester Co.

Harry R. Palmer, Jr., Oklahoma City, for appellee, City Spring Works, Inc.

PER CURIAM:

We decide two issues in this appeal, one concerning the extent to which a manufacturer may be held liable in a products' liability suit after the product has undergone substantial modification, and second, the effect of the imposition of a duty on one who undertakes repair and maintenance of a chattel, to either correct or warn of an unsafe condition.

This case was decided on summary judgment,[1] granted after plaintiff filed his sixth amended petition. Depositions and affidavits are extensive.

Plaintiff's sixth amended petition alleged Young Northern Exploration Company (Northern), purchased a new 1961 "chassis cab" truck[2] from International Harvester Company (International). Gerald M. Young Machine Company (Young Machine) completed the truck as requested by Northern by placing a drilling rig on the chassis. Poindexter Drilling Company (Poindexter) purchased the truck from Northern in 1965. In March of 1971, at the direction of Poindexter, Young Machine removed the drilling rig, replacing it with a water tank.[3] Neither the suspension nor steering systems had been replaced or modified since purchase. At one time the truck was returned to Young Machine because the frame appeared to be "bowing". Young Machine attempted to correct the problem by shoring up the frame. Later the truck developed "looseness in the steering" and "play in the front end". It was taken to City Spring Works, Inc. (City Spring) for repair and alignment. City Spring, as noted on its repair invoice made charges for wheel alignment and steering drag link adjustment. The truck was returned to Poindexter as repaired with a notation that it needed a new steering coupler.[4] No other warn-

---

1. Rule 13. 12 O.S. 1977 Supp. Ch. 2 App. provides: "A party may move for judgment in his favor on the ground that the depositions, admissions, answers to interrogatories, and affidavits on file, filed with his motion or subsequently filed with leave of court show that there is no substantial controversy as to any material fact. The adverse party may file affidavits and other materials in opposition to the motion. The affidavits which are filed by either party shall be made on personal knowledge, shall show that the affiant is competent to testify as to the matters stated therein, and shall set forth facts that would be admissible in evidence. The court shall render judgment if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law. If the court finds that there is no substantial controversy as to certain facts or issues, it shall make an order specifying the facts or issues which are not in controversy and direct that the action proceed for a determination of the facts or issues. . . ."

2. A "chassis cab" truck is designed to be completed by the purchaser, by adding desired equipment to the chassis.

3. Young Machine was originally sued for negligent placement of the tank on the truck but that suit has been settled.

4. The faulty steering coupler is not alleged to be the cause or even a contributing factor in the loss of the steering alleged to have caused

ing or statement was offered by City Spring reference any steering or drag link wear. The truck was later safety checked but no examination of the steering mechanism itself was made.

In April of 1972, nine days after inspection, the accident occurred. Plaintiff, an employee of Poindexter, was driving the truck on an interstate highway when he lost control, struck a curb and overturned.

Plaintiff commenced this suit against multiple defendants including International, Young Machine, Northern and City Spring. International and City Spring are the only defendants remaining in this appeal.

The cause of the accident is in dispute. Plaintiff claims the drag link separated from the steering arm causing him to lose all steering control when he executed a sharp left turning movement. Deposition testimony indicates the separation could have been the *result* of the accident instead of the *cause.* However the cause of the accident is not material for the purposes of this appeal and is not argued. International and City Spring filed motions for summary judgments based on their denial of responsibility for any malfunctioning of the steering mechanism. Trial court sustained both motions and plaintiff appeals.

■ Plaintiff contends record shows there exist issues of fact that must be submitted to the jury. Thus both motions for summary judgment should have been denied. He cites *Northrip v. Montgomery Ward & Co.,* 529 P.2d 489 (Okl.1974). This decision states issues of *negligence* are ordinarily not susceptible of summary judgment either for or against a plaintiff. It quotes 73 Am.Jur.2d Summary Judgment § 6, ". . . even though there is no dispute about how an accident occurred, the presence or absence of negligence often remains a question of fact which requires a trial under traditional principles of the law

of negligence." If reasonable men in the exercise of fair and impartial judgment might reach different conclusions upon consideration of pleadings, affidavits, exhibits, admissions, depositions and the like, summary judgment is improper. *Runyon v. Reid,* 510 P.2d 943, 58 A.L.R.3rd 814 (Okl. 1973).

We believe this to be applicable to the judgment in favor of City Spring. Although some attempt was made by plaintiff to hold City Spring liable under strict liability, the only basis for judgment against that particular defendant must be negligence.

The action however against International is based on manufacturers' products liability and we believe its motion for summary judgment was properly sustained as will be explained later.

One of plaintiff's witnesses who examined the truck after the accident, stated by affidavit that the steering drag link [5] was separated from the steering arm of the truck. If the drag link and steering arm become separated, then all steering control is lost. He found the cause of the separation of the drag link was wear to the lip of the drag link socket resulting from over deflection of the springs when the front-end was overloaded by installation of the water tank. This caused the drag link and steering parts to come in contact under strain and pressure, wearing away the lip of the opening of drag link.

Plaintiff alleged wear was the result of improper design by International in not foreseeing the truck might be overloaded. He further alleged City Spring should have been aware of wear to the drag link and either repaired it or warned of the dangerous condition.

City Spring undertook to repair the truck's steering system. Deposition testimony shows such repair necessitates inspec-

---

the accident. It was still intact after the accident.

**5.** A drag link is described as a cylindrical piece of metal 18″–20″ long containing a socket and ball at each end. One end attaches to pitman arm connected to gear box. The other end attaches to the steering arm. It is alleged this ball slipped out of the socket at the steering arm.

tion and adjustment of the drag link. City Spring's employees testified it was their usual and customary procedure to inspect a drag link any time they worked on the front end of a truck. Depositions indicated looseness and play would be apparent upon a cursory inspection of steering mechanism. It should have been obvious to City Spring's suspension expert that the drag link would have to be replaced or the customer warned. The only repair noted by City Spring consisted of alignment of the front end and adjustment of the drag link.

Expert examination of the drag link after the accident showed abnormal wear. Although the wear would certainly be apparent to anyone who worked on the steering and suspension system, it probably would be unknown to the ordinary driver of the truck. This situation was not corrected by City Spring or called to the attention of Poindexter or its employees.

■ In *Barnhart v. Freeman Equipment Co.,* 441 P.2d 993 (Okl.1965) we recognized that a repairer of chattels has a duty to exercise reasonable care not to cause bodily harm to one whose person or property might reasonably be expected to be endangered by probable use of the chattel after repair. This duty is quite aside from any obligation in contract. One who negligently repairs a vehicle at the request of the owner is liable to third persons. City not only owed a duty to perform the repair properly, but also the duty to inspect and test the vehicle in order to determine whether truck could be operated without danger to plaintiff and the public. *Barnhart v. Freeman Equipment Co., supra,* p. 997.

■ City Spring argues this court must decide whether plaintiff's depositions and affidavits are sufficient to offset those which make contrary conclusions. This is not the case. The trial court does not weigh the evidence on a motion for summary judgment. It is not the purpose of summary judgment to substitute a trial by affidavit for a trial according to law. Weighing of evidence must be left to the jury.

■ Reasonable men in the exercise of fair and impartial judgment could certainly differ as to whether City Spring breached its duty to plaintiff. Under the rule established in *Northrip v. Montgomery Ward & Co., supra,* City Spring's motion for summary judgment was improperly sustained.

As far as City Spring is concerned, it is immaterial whether excessive wear on the drag link was caused by defective design or overloading of the truck. City Spring's liability, if any, is based on negligence. Such is not true when International's motion for summary judgment is considered. Plaintiff's case against International is predicated on manufacturers' products liability of which misuse such as overloading is ordinarily a defense. There is no question the truck had been operating with an excessive load. The truck was designed to serve a combined load of 19,000 pounds. Uncontroverted evidence indicates it weighed 23,000–24,000 pounds during its use. Plaintiff submits separation of the drag link and steering arm would not have occurred even under front end overloading conditions if suspension system had been properly designed. International, in its motion for summary judgment, claimed because truck underwent substantial change after manufacture and was subject to abnormal use it is relieved of any responsibility for wear to the drag link.

■ Oklahoma adopted the theory of manufacturers' products liability in *Kirkland v. General Motors Corporation,* 521 P.2d 1353 (Okl.1974). To maintain a cause of action under manufacturers' products liability, the plaintiff must prove the product was the cause of the injury, a defect in design or otherwise existed in the product at the time it left control of the manufacturer, and that defect made product unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it. Ordinarily under *Kirkland* a showing the product was subject to abnormal use precludes plaintiff from recovery.

In *Seay v. General Elevator Company,* 522 P.2d 1022 (Okl.1974) we adopted the

Restatement of Torts 2d § 402A which requires before liability may attach, a product must reach the user or consumer *without substantial change in the condition in which it is sold.*

 It is uncontested the truck was eleven years old and had 186,000 miles on it at the time of accident. The truck had twice been modified, once with a drilling rig and secondly with the water tank. Routine maintenance and adjustments had been made during the eleven years. Plaintiff admits truck was overloaded and that overloading caused wear on drag link at the spot where it ultimately separated. Testimony shows truck was not dangerous when it left International's control. It did not become so until modified.

Plaintiff's only factual basis for holding International liable is a statement by one witness that it was the customary and usual practice of truck design to provide suspension and steering systems to withstand overloading. It is our opinion there was insufficient material showing substantial controversy as to any material fact evidencing defective design. Plaintiff offers no evidence the truck was *not* designed for overloading or that it was not built to specifications. He offers no evidence the design or the parts were defective. Nearly all automotive parts subject to friction wear out sometime.[6] The fact a part wears out after 186,000 miles does not evidence that a defect existed when the truck left the manufacturer. Plaintiff submitted no evidence as to how long a suspension system should last with overloading present. A manufacturer does not undertake to provide a product that will never wear out, particularly if used in a continually abnormal manner. The doctrine of manufacturers' products liability cannot be said to require a manufacturer to build a fail-safe product.

The cab and chassis of the truck underwent substantial change after leaving International's control and admittedly the truck was overloaded. Plaintiff offered no evidence from which an inference could be drawn that a defect in the suspension system or its design existed, such as would support a finding by a jury the truck was defective when it left International's control. The court was correct in granting summary judgment in favor of International.

SUMMARY JUDGMENT IN FAVOR OF INTERNATIONAL AFFIRMED.

SUMMARY JUDGMENT IN FAVOR OF CITY SPRING WORKS, INC.

REVERSED AND REMANDED.

All the Justices concur.

---

6. See *Quirk v. Ross*, 257 Or. 80, 476 P.2d 559 (1970).