TOCH v. CITY OF TULSA
2023 OK 69
Case Number: 119662; Comp. w/119831
Decided: 06/13/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 69, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

TOCH, LLC, an Oklahoma limited liability Company, Plaintiff/Appellant,
v.
CITY OF TULSA, an incorporated municipality, Defendant/Appellee,
and
TULSA HOTEL PARTNERS, LLC, an Oklahoma limited liability company, Intervenor/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

¶0 TOCH, LLC, the owner and operator of Aloft Hotel alleged that the Tulsa Tourism Improvement District No. 1 was allegedly improperly created because fifty percent or more of the affected hotel owners protested in writing prior to its creation. City of Tulsa and Tulsa Hotel Partners sought summary judgment on this issue and disputed this material fact by submitting affidavits to disprove TOCH's allegation. The trial court erred when it made a factual determination on this controverted fact and granted summary judgment to City and Intervenor on this issue. Weighing disputed evidence is not proper on summary judgment. The trial court's decision is reversed. We previously issued an order to retain this appeal.

DECISION OF TRIAL COURT REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

Lee I. Levinson and Evan M. McLemore; Levinson, Smith & Huffman, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant, TOCH, LLC.

R. Lawson Vaughn, Asst. City Attorney, Tulsa, Oklahoma, for Defendant/Appellee, City of Tulsa.

Jared M. Burden; Frederic Dorwart, Lawyers PLLC, Tulsa, Oklahoma for Intervenor/Appellee, Tulsa Hotel Partners, LLC.

Edmondson, J.

¶1 We decide two issues in this appeal, (1) whether a trial court may decide a disputed material fact on summary judgment, and (2) whether TOCH waived the right to assert constitutional arguments in this current appeal following the findings of the prior appeal in this litigation, TOCH, LLC v. City of Tulsa (TOCH I), 2020 OK 81474 P.3d 859TOCH I). We answer both questions in the negative: (1) it is outside the scope of the trial court to weigh evidence on summary judgment on material disputed facts; and (2) TOCH has not waived the right to assert the constitutional claims raised in its Petition and on summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

¶2 TOCH, LLC, an Oklahoma limited liability company filed this action against the City of Tulsa, an incorporated municipality, asking the court to declare the proposal creating the Tourism Improvement District (TID) invalid. Intervenor is the owner of a hotel in the proposed assessment district which is in favor of the TID and joined the City in disputing that TOCH is entitled to the requested relief. TOCH asserted numerous reasons why this TID was improperly created, one of which is whether the City's act of approving the TID violated 11 O.S.2011 § 39-108

¶3 Following the issuance of the mandate in TOCH I, all parties filed their respective motions for summary judgment which are now before us. City and Intervenor sought summary judgment on the issue that fifty percent (50%) of the property owners within the district did not object to the TID and various constitutional arguments. TOCH only sought summary judgment with respect to its constitutional claims responding that there were questions of fact surrounding whether fifty percent (50%) or more of the hotels had objected to the creation of the TID as contemplated by 11 O.S.2011 § 39-108

¶4 In October 2016, the City posted a Resolution announcing its plans to create Tourism Improvement District No.1 for the sole purpose of providing marketing services for private or public events reasonably calculated to increase occupancy and room rates for hotels and motels with 110 or more rooms. Thirty-three hotels met this room occupancy criteria as reflected on the City's Assessment Roll. If approved, each hotel would be subject to an assessment of three percent (3%) of the gross proceeds or gross receipts derived from the rent derived from an occupancy of a hotel or motel room.identical to the hotel tax. TOCH has urged that the proposed assessment outlined in the TID is actually an unconstitutional imposition of a tax. Under this ordinance creating the hotel tax, the operator and any office of the corporate operator of the hotel would be personally liable for collecting and paying this new assessment, not the property owner.

¶5 Prior to this Resolution, the City had previously attempted to gain enough approval for a TID three other times, all with lower hotel room count numbers. The previous attempts all failed, as more than fifty percent of the hotels in the proposed district objected to its creation.

Summary Judgment Motions Preceding TOCH I

¶6 TOCH argued it was entitled to summary judgment because more than 50% of the hotels objected to the creation of the TID prior to the time the TID was created. TOCH urged that the legislature prohibited the creation of any improvement district where the "owners of fifty percent (50%) or more in area of the tracts or parcels within the district or a majority of the owners of record of property in the assessment area protest," in 39-108 (D). It is undisputed that prior to the public hearing, legal counsel for TOCH submitted two letters dated November 5 and November 8, 2018 (Objection Letters) to the City advising that he had been hired by multiple hotel owners to file an official objection to any creation of a TID.owners and operators of the hotels listed as follows," identifying twenty different hotels within the district. It is further undisputed that counsel for TOCH appeared at the public hearing, provided a copy of the Objection Letters to the City Council, and made a verbal objection on behalf of each of the twenty hotels.

¶7 City and Intervenor disputed that 50% of the hotels had objected to the creation of the TID and presented conflicting evidence. City argued because there were genuine issues of material fact TOCH was not entitled to summary judgment on this issue.11 O.S.2011 § 39-108alleged owner, although the entity cited in the affidavit is not the party identified as the "Owner of Property" or the "Owner/Operator" on the City's Assessment Roll. There is also a suggestion that a "manager" for one of the hotels did not support the creation of the TID, but that this manager lacked authority to bind the hotel entity. None of these individuals who allegedly signed the disputing documents testified at a hearing before the trial court or by deposition. Based solely on these exhibits, City and Intervenor disputed that TOCH's Objection Letters constituted valid objections from 20 hotels. They argued that at most 14 out of 33 hotels objected, which is less than the majority required by Section 39-108(D) to prevent the creation of the TID. City and Intervenor urged they were entitled to summary judgment on this issue.

¶8 The trial court declined to rule on summary judgment on this subject finding "there is a substantial controversy of material fact regarding whether a sufficient number of hotels subject to the TID objected to its creation at the time of the Public Hearing." TOCH I.

Summary Judgment Motions After Mandate of TOCH I

¶ 9 Less than a month after mandate issued in TOCH I, City and Intervenor sought summary adjudication as to TOCH's claim that 50% of the affected property owners objected to the creation of the TID. Their argument and supporting evidence were essentially unchanged from their previous unsuccessful summary judgment attempt. City and Intervenor offered affidavit statements and one declaration

¶10 City and Intervenor also argued that TOCH's objection letters did not constitute a recognized form of objection, because only the "owner of property" or "owners of record of property", not the hotel operator, have the statutory authority to object or proceed with an action to set aside a TID, and any such objection would have to be signed by the owner. 11 O.S.2011, § 39-108

¶11 The trial judge directed the parties to file Findings of Fact and Conclusions of Law at the hearing. TOCH again urged that the trial court lacked jurisdiction to rule on a material disputed fact and further urged that the TID should be invalidated because of many constitutional errors including that the City denied the hotel operators due process and the meaningful opportunity to be heard when it failed to provide notice of the TID hearing to operators who were not property owners. City and Intervenor urged that the trial court should not consider any objection submitted by a party other than a "property owner" and urged the trial court to consider all of the disputing affidavits and declaration it submitted as more true than the TOCH Objection Letters and other Notices submitted by hotel operators. They also urged that because the Legislature has authorized the municipal bodies to create a Tourism Improvement District, that it is de facto constitutional.

¶12 The trial court granted summary judgment in favor of City and Intervenor and denied relief to TOCH. Although the court engaged in an extensive six page analysis in its Order, the portions relevant to our decision include the following: (1) the Objection Letters were not protests in writing sufficient to defeat the creation of the TID because (a) they were not signed by the property owners; (b) there is no proof that the listed hotels authorized TOCH'S counsel to object to the TID; (c) six out of the twenty property owners listed in the Objection Letters averred by affidavit that they did not hire or authorize anyone to object to the TID at or prior to the hearing; and (d) the Objection Letters at most represent 42% of the property owners as objecting to the TID prior to its creation; (2) the "Notices to the Public" which were filed after the November 7 hearing were not valid objections because: (a) the TID was considered as created on the day of the Hearing at the time of the City Council vote, and not on December 5 when the Mayor signed the Resolution; (b) even if it was determined the Notices were timely filed, at least one was not signed by the property owner, "as proved by affidavit," and three other Notices were discounted for other reasons with the trial court concluding at most only 42% of the owners objected, which is less than the needed majority.

¶13 TOCH filed its Petition in Error on June 24, 2021. Upon Order of this Court, TOCH filed a Supplemental Petition in Error on September 10, 2021 listing forty-three different points of error. TOCH alleged it was error for the trial court on summary judgment to render a decision on an issue where there were disputed material facts, whether a majority of the hotel property owners objected to the creation of the TID. The remaining errors raised included whether TOCH had waived the right to raise any constitutional argument as a result of TOCH I, and asserting the TID should be invalidated because the legislation authorizing the TID is a Special Law, denial of due process, unconstitutional assessment of tax, and other constitutional errors.

¶14 City and Intervenor responded that TOCH abandoned any future ability to raise constitutional claims because of their arguments made on the prior appeal in TOCH I, an appeal initiated by City and Intervenor. They then asserted that this Court upheld the TID in TOCH I, "reversing and remanding this case for proceedings on the question whether a majority of property owners had timely and properly objected to the creation of the District." City and Intervenor's statement in no way is supported by our conclusion in TOCH I wherein we answered the only question before us, whether the City exceeded its authority when creating a TID for hotels with 110 rooms or more. We concluded:

Title 11, section 39-103.1(A) provides municipalities the authority and discretion to create hotel advertising tourism improvement districts for any size hotel the municipality deems appropriate, so long as they have at least 50 rooms. City did not exceed the authority granted to it when it chose to limit the TID to hotels with 110 or more rooms. The district court erred in granting summary judgment to Toch. The district court's order is reversed and the cause is remanded for further proceedings.

TOCH I, 2020 OK 81TOCH I. We made no decisions in TOCH I regarding any of the constitutional claims, only whether the City's actions in creating the TID were authorized by the statute.

¶15 Following the filing of the Petition in Error, TOCH asked that we retain this appeal. We granted the motion to retain.

STANDARD OF REVIEW

¶16 Summary judgments are disfavored and will be affirmed only if the appellate court determines there is no dispute as to any material fact and that the party is entitled to judgment as a matter of law. TOCH I, 2020 OK 81de novo appellate standard. Id.

LEGAL ANALYSIS

¶17 We first examine the trial court's finding of fact that no more than forty-two percent (42%) of the property owners within the TID objected prior to its creation. If a litigant is successful in a summary judgment proceeding, the parties are denied the right to a full trial on the merits. It is for this reason, that the province of the jury cannot be invaded, where there are material facts in dispute, it is contrary to proper summary judgment process for any court to decide disputed material fact questions. Cranford v. Bartlett 2001 OK 4725 P.3d 91811 O.S.2011 §39-108shall not be created."

¶18 It is undisputed that a letter was filed on behalf of TOCH and other owners and operators of twenty-two (22) different hotels and this letter was delivered to the City prior to the hearing on the creation of the TID. We previously recognized in TOCH I that although TOCH did not appear and object at the hearing, the letter filed by the attorney on its behalf as its agent constituted a valid objection sufficient to meet the statutory prerequisite to bring this action. TOCH I, supra., 2020 OK 81Id. (citations omitted). Based on the representations set out in the Objection Letters, not only was the attorney acting as agent for TOCH, but also for the owners and operators of the twenty-two hotels. We previously recognized the statements by legal counsel in this letter as creating a valid agency relationship and as a valid objection on behalf of TOCH.

¶19 City and Intervenor have disputed this agency relationship as to six of these hotels by submitting affidavits to disprove TOCH's allegations. It is improper and reversible error for a trial court to weigh the evidence on a motion for summary judgment. Andrew v. Depani-Sparkes, 2017 OK 42396 P.3d 210 Stuckey v. Young Exploration Co., 1978 OK 128586 P.2d 726Stuckey, supra., 1978 OK 128

¶20 With respect to the trial court's Order that the "Notices to the Public" were not protests in writing sufficient to defeat the creation of the TID because they were "prepared, signed, and delivered after the Tourism District was created on November 7, 2018," we find there is insufficient evidence in the record to support this conclusion. The evidence reflects that the Mayor did not sign the Resolution until almost one month after the hearing. Both City and Intervenor have urged that some of the hotels may have objected earlier, but before the Mayor signed off they changed their mind. City and Intervenor have also urged that decisions made post November 7, 2018 hearing should be considered. There is insufficient evidence in the record to conclude what if any requirements from the City Municipal Code pertain to when a Resolution becomes effective.

¶21 Next we turn to the argument raised by City and Intervenor and the decision by the trial court that "TOCH may not re-litigate its arguments subject to a prior appeal." In TOCH I, the trial court granted TOCH's motion for summary judgment but only on the argument that the TID was improperly created because the City did not use the 50-room threshold outlined in Section 39-103.1 of the Act. City and Intervenor filed an appeal and prevailed on this one issue. TOCH did not file an appeal contesting the trial court's denial of summary judgment on all of the constitutional grounds. We decided the sole issue of whether the City exceeded its authority granted in title 11, section 39-103.1 by limiting the TID to hotels or motels with 110 or more rooms. There were no other legal or constitutional arguments before us on appeal in TOCH I. TOCH even noted in its brief on appeal in TOCH I that since the trial court had made no ruling on the constitutional arguments raised by TOCH, there was nothing to appeal in this regard. The only issue that City and Intervenor could appeal, was the sole issue decided by the trial court. TOCH did not abandon the right to raise constitutional arguments on remand.

¶22 The trial court erred in granting summary judgment on disputed material facts. The Order of the trial court is reversed and this matter remanded for further proceedings consistent with this Opinion.

DECISION OF TRIAL COURT REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Combs, Edmondson, Gurich,
Darby, J.J., concur;

Kuehn, J., recused.

FOOTNOTES

11 O.S.2011, § 39-108

Id.

Id. "Assessments ... shall be calculated and determined in the same manner as the hotel tax established by City of Tulsa Ordinance No. 13288.); See also, Tulsa, OK Code of Ordinances, 13288, Section 101.- Imposition of tax; exemptions: (D) The tax to be collected shall be stated and charged separately from the rent and shall be shown separately on any record thereof at the time when the occupancy is arranged or contracted and charged for.... The tax shall be paid by the occupant to the operator as trustee for and on account of the City, and the operator shall be liable for the collection thereof and for the payment of the tax. The operator and any officer of any corporate operator shall be personally liable for the tax collected or required to be collected under this title...."

Id. at 139.

Id. 

Id.

stark contrast to the Notices to Public signed by the same individuals on behalf of the identical hotel objecting to the creation of the TID which is undisputed were filed prior to the Mayor officially signing the Resolution for the TID in December, 2018. No explanation is made for this gross discrepancy. Not only does this highlight the very real question of fact, it also questions the veracity. Two other affidavits were signed by individuals on behalf of a business entity that had no identifiable connection with the property; the entity was not the hotel operator or owner of property as listed on the City's Assessment Roster, the only two apparent entities with legal authority for the hotel. There is nothing in the record to identify what if any authority said entity had in this matter.)

Horton v. Hamilton, 2015 OK 6345 P.3d 357see also 12 O.S.2011, § 2056