OSCN Found Document:TOCH v. CITY OF TULSA

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 TOCH v. CITY OF TULSA
2023 OK 69
532 P.3d 28
Case Number: 119662; Comp. w/119831
Decided: 06/13/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 69, 532 P.3d 28

 
 

TOCH, LLC, an Oklahoma limited liability Company, Plaintiff/Appellant,
v.
CITY OF TULSA, an incorporated municipality, Defendant/Appellee,
and
TULSA HOTEL PARTNERS, LLC, an Oklahoma limited liability company, Intervenor/Appellee.

ON APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY

¶0 TOCH, LLC, the owner and operator of Aloft Hotel alleged that the Tulsa Tourism Improvement District No. 1 was allegedly improperly created because fifty percent or more of the affected hotel owners protested in writing prior to its creation. City of Tulsa and Tulsa Hotel Partners sought summary judgment on this issue and disputed this material fact by submitting affidavits to disprove TOCH's allegation. The trial court erred when it made a factual determination on this controverted fact and granted summary judgment to City and Intervenor on this issue. Weighing disputed evidence is not proper on summary judgment. The trial court's decision is reversed. We previously issued an order to retain this appeal.

DECISION OF TRIAL COURT REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

Lee I. Levinson and Evan M. McLemore; Levinson, Smith & Huffman, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant, TOCH, LLC.

R. Lawson Vaughn, Asst. City Attorney, Tulsa, Oklahoma, for Defendant/Appellee, City of Tulsa.

Jared M. Burden; Frederic Dorwart, Lawyers PLLC, Tulsa, Oklahoma for Intervenor/Appellee, Tulsa Hotel Partners, LLC.

Edmondson, J.

¶1 We decide two issues in this appeal, (1) whether a trial court may decide a disputed material fact on summary judgment, and (2) whether TOCH waived the right to assert constitutional arguments in this current appeal following the findings of the prior appeal in this litigation, TOCH, LLC v. City of Tulsa (TOCH I), 2020 OK 81, 474 P.3d 859, as corrected (Sept. 30, 2020) (TOCH I). We answer both questions in the negative: (1) it is outside the scope of the trial court to weigh evidence on summary judgment on material disputed facts; and (2) TOCH has not waived the right to assert the constitutional claims raised in its Petition and on summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

¶2 TOCH, LLC, an Oklahoma limited liability company filed this action against the City of Tulsa, an incorporated municipality, asking the court to declare the proposal creating the Tourism Improvement District (TID) invalid. Intervenor is the owner of a hotel in the proposed assessment district which is in favor of the TID and joined the City in disputing that TOCH is entitled to the requested relief. TOCH asserted numerous reasons why this TID was improperly created, one of which is whether the City's act of approving the TID violated 11 O.S.2011 § 39-108 (D).[1] TOCH alleged that it did when City approved the Resolution to create the TID as more than fifty percent (50%) of the hotels within this proposed district objected to its creation. Through written affidavits, City and Intervenor advanced an alternate conclusion that less than fifty percent (50%) of the hotels objected, rendering this a disputed material fact. Although both parties have vigorously briefed various constitutional arguments raised by TOCH, these issues only become viable and at issue once it is determined if the TID was properly created. The resolution of this pivotal question hinges on disputed facts and cannot be determined by a trial court on summary judgment. We will not decide at this point any of the constitutional issues briefed by the parties or decided by the trial court.

¶3 Following the issuance of the mandate in TOCH I, all parties filed their respective motions for summary judgment which are now before us. City and Intervenor sought summary judgment on the issue that fifty percent (50%) of the property owners within the district did not object to the TID and various constitutional arguments. TOCH only sought summary judgment with respect to its constitutional claims responding that there were questions of fact surrounding whether fifty percent (50%) or more of the hotels had objected to the creation of the TID as contemplated by 11 O.S.2011 § 39-108(D). We agree. This is the second time this matter has come to this Court from a summary judgment decision.

¶4 In October 2016, the City posted a Resolution announcing its plans to create Tourism Improvement District No.1 for the sole purpose of providing marketing services for private or public events reasonably calculated to increase occupancy and room rates for hotels and motels with 110 or more rooms. Thirty-three hotels met this room occupancy criteria as reflected on the City's Assessment Roll. If approved, each hotel would be subject to an assessment of three percent (3%) of the gross proceeds or gross receipts derived from the rent derived from an occupancy of a hotel or motel room.[2] This new assessment was to be determined in the same manner as the hotel tax imposed by City.[3] Although the obligation to pay money in this TID is labeled as an "assessment" the formula for determining the assessment amount is identical to the hotel tax. TOCH has urged that the proposed assessment outlined in the TID is actually an unconstitutional imposition of a tax. Under this ordinance creating the hotel tax, the operator and any office of the corporate operator of the hotel would be personally liable for collecting and paying this new assessment, not the property owner.[4] Although the TID proposed plan indicates the assessment is to be against the property owner, there is also language suggesting that it is determined in the same manner as the hotel tax, which renders the Operator and not the Owner liable. The record before us is unclear on this issue. The City created three distinct categories with respect to each hotel property on its Assessment Roll: (1) Hotel name; (2) Owner/Operator; and (3) Owner of Property. The Affidavit of Mailing filed by the Deputy City Clerk reflects that the Notices of Hearing were only sent to the Owner of Property, and not to the Operator.[5] Thus, for those hotels whose operators are not the property owner, the City did not provide them notice of the hearing. Consequently, if the operator is personally liable for this assessment, they were not mailed a Notice of Hearing.[6]

¶5 Prior to this Resolution, the City had previously attempted to gain enough approval for a TID three other times, all with lower hotel room count numbers. The previous attempts all failed, as more than fifty percent of the hotels in the proposed district objected to its creation.

Summary Judgment Motions Preceding TOCH I

¶6 TOCH argued it was entitled to summary judgment because more than 50% of the hotels objected to the creation of the TID prior to the time the TID was created. TOCH urged that the legislature prohibited the creation of any improvement district where the "owners of fifty percent (50%) or more in area of the tracts or parcels within the district or a majority of the owners of record of property in the assessment area protest," in 39-108 (D). It is undisputed that prior to the public hearing, legal counsel for TOCH submitted two letters dated November 5 and November 8, 2018 (Objection Letters) to the City advising that he had been hired by multiple hotel owners to file an official objection to any creation of a TID.[7] The Objection Letters specify that "the parties joining in this objection are the owners and operators of the hotels listed as follows," identifying twenty different hotels within the district. It is further undisputed that counsel for TOCH appeared at the public hearing, provided a copy of the Objection Letters to the City Council, and made a verbal objection on behalf of each of the twenty hotels.[8] It is undisputed these letters were: (1) received by the City Clerk prior to the Public Hearing; and (2) provided to the City Council at the Public Hearing. [9] This ratio of 20/33 represents 60% of the affected hotels. Even with these objections, the City voted unanimously to adopt the Resolution creating the TID at the Hearing on November 7. Although this Resolution was signed by the Vice Chair at the Hearing, the Tulsa Mayor did not approve this resolution for another 28 days, on December 5, 2018. The parties do not agree when the TID was officially formed; this point is relevant as to additional individual Notices of objections that were separately filed by the same hotels listed in the Objection Letters. It is undisputed that these Notices were filed after the hearing but before the Mayor signed the Resolution adopting the TID. TOCH claims, since these Notices were filed prior to the time the Mayor signed off on the TID, they should be considered as being filed prior to its creation. City and Intervenor argue that any Notice filed after the November 7 hearing should be considered late and an invalid objection.

¶7 City and Intervenor disputed that 50% of the hotels had objected to the creation of the TID and presented conflicting evidence. City argued because there were genuine issues of material fact TOCH was not entitled to summary judgment on this issue.[10] Later, City changed its position and urged summary judgment was appropriate. Intervenor and City admitted that the Objection Letters were filed with the City Clerk prior to the Public Hearing, but denied: (1) that letters were authorized to be filed by each of the listed hotels; (2) that the named hotels constituted a majority of the record owners in the proposed TID; and (3) that the letters constituted a written protest within the meaning of 11 O.S.2011 § 39-108(D). Intervenor admitted that "subsequent to the City Council meeting, written objections to the creation of the TID were provided to the City .... by the owners or operators of 20 of the 33 hotels to be subject to the assessment."[11] However, they argued that these Notices of Objection were not sufficient. Intervenor and City produced four affidavits and one declaration, signed more than eight months after the hearing, in an attempt to establish that at least six of the hotels "were included in the [Objection] Letters without their permission and without agreeing to be represented by TOCH or its attorney.[12] At least one affidavit submitted by Intervenor and City is signed by a "liaison" for an alleged owner, although the entity cited in the affidavit is not the party identified as the "Owner of Property" or the "Owner/Operator" on the City's Assessment Roll. There is also a suggestion that a "manager" for one of the hotels did not support the creation of the TID, but that this manager lacked authority to bind the hotel entity. None of these individuals who allegedly signed the disputing documents testified at a hearing before the trial court or by deposition. Based solely on these exhibits, City and Intervenor disputed that TOCH's Objection Letters constituted valid objections from 20 hotels. They argued that at most 14 out of 33 hotels objected, which is less than the majority required by Section 39-108(D) to prevent the creation of the TID. City and Intervenor urged they were entitled to summary judgment on this issue.

¶8 The trial court declined to rule on summary judgment on this subject finding "there is a substantial controversy of material fact regarding whether a sufficient number of hotels subject to the TID objected to its creation at the time of the Public Hearing." [13] The trial court noted that TOCH has evidence that its counsel of record represented 20 hotels at the Public Hearing that were subject to the TID and objected to its creation."[14] The trial court discussed the Intervenor and City's conflicting affidavit evidence that three of the hotels allegedly represented by TOCH's counsel may not have authorized their agents to object at the hearing.[15] The trial court also ruled in its prior Order on TOCH's request for temporary injunction, that 17 of the 33 hotels, more than 50% of the hotels objected to the creation of the TID at the time of the Public Hearing. The trial court determined these disputed material facts made this issue improper for summary adjudication. We agree. The trial court did grant summary judgment in favor of TOCH but on a different legal issue from that which we addressed in TOCH I.

Summary Judgment Motions After Mandate of TOCH I

¶ 9 Less than a month after mandate issued in TOCH I, City and Intervenor sought summary adjudication as to TOCH's claim that 50% of the affected property owners objected to the creation of the TID. Their argument and supporting evidence were essentially unchanged from their previous unsuccessful summary judgment attempt. City and Intervenor offered affidavit statements and one declaration[16] to prove that 6 of the 20 hotels did not object to the TID and discredit TOCH's evidence that a majority of hotels had objected. TOCH responded that it had not asked for summary judgment on this issue, as material facts were disputed making resolution on this point unfit for a summary decision. We agree. This apparent challenge is belied by the gross discrepancies within these affidavits and declaration. It is impossible to discern what relevance any of these proffered documents have to this matter, other than to illuminate the overwhelming presence of material disputed facts.

¶10 City and Intervenor also argued that TOCH's objection letters did not constitute a recognized form of objection, because only the "owner of property" or "owners of record of property", not the hotel operator, have the statutory authority to object or proceed with an action to set aside a TID, and any such objection would have to be signed by the owner. 11 O.S.2011, § 39-108. We disagree that Section 39-108 dictates this result. Their argument highlights the precarious constitutional problem City created with its Resolution, rendering the hotel operator personally liable for this new "assessment" while the Legislature only authorized the assessment to be made and notice of the proceeding to be against the "owner of property." The legal implication of the City's action will be discussed later.

¶11 The trial judge directed the parties to file Findings of Fact and Conclusions of Law at the hearing. TOCH again urged that the trial court lacked jurisdiction to rule on a material disputed fact and further urged that the TID should be invalidated because of many constitutional errors including that the City denied the hotel operators due process and the meaningful opportunity to be heard when it failed to provide notice of the TID hearing to operators who were not property owners. City and Intervenor urged that the trial court should not consider any objection submitted by a party other than a "property owner" and urged the trial court to consider all of the disputing affidavits and declaration it submitted as more true than the TOCH Objection Letters and other Notices submitted by hotel operators. They also urged that because the Legislature has authorized the municipal bodies to create a Tourism Improvement District, that it is de facto constitutional.

¶12 The trial court granted summary judgment in favor of City and Intervenor and denied relief to TOCH. Although the court engaged in an extensive six page analysis in its Order, the portions relevant to our decision include the following: (1) the Objection Letters were not protests in writing sufficient to defeat the creation of the TID because (a) they were not signed by the property owners; (b) there is no proof that the listed hotels authorized TOCH'S counsel to object to the TID; (c) six out of the twenty property owners listed in the Objection Letters averred by affidavit that they did not hire or authorize anyone to object to the TID at or prior to the hearing; and (d) the Objection Letters at most represent 42% of the property owners as objecting to the TID prior to its creation; (2) the "Notices to the Public" which were filed after the November 7 hearing were not valid objections because: (a) the TID was considered as created on the day of the Hearing at the time of the City Council vote, and not on December 5 when the Mayor signed the Resolution; (b) even if it was determined the Notices were timely filed, at least one was not signed by the property owner, "as proved by affidavit," and three other Notices were discounted for other reasons with the trial court concluding at most only 42% of the owners objected, which is less than the needed majority.[17]

¶13 TOCH filed its Petition in Error on June 24, 2021. Upon Order of this Court, TOCH filed a Supplemental Petition in Error on September 10, 2021 listing forty-three different points of error. TOCH alleged it was error for the trial court on summary judgment to render a decision on an issue where there were disputed material facts, whether a majority of the hotel property owners objected to the creation of the TID. The remaining errors raised included whether TOCH had waived the right to raise any constitutional argument as a result of TOCH I, and asserting the TID should be invalidated because the legislation authorizing the TID is a Special Law, denial of due process, unconstitutional assessment of tax, and other constitutional errors.

¶14 City and Intervenor responded that TOCH abandoned any future ability to raise constitutional claims because of their arguments made on the prior appeal in TOCH I, an appeal initiated by City and Intervenor. They then asserted that this Court upheld the TID in TOCH I, "reversing and remanding this case for proceedings on the question whether a majority of property owners had timely and properly objected to the creation of the District." City and Intervenor's statement in no way is supported by our conclusion in TOCH I wherein we answered the only question before us, whether the City exceeded its authority when creating a TID for hotels with 110 rooms or more. We concluded:

Title 11, section 39-103.1(A) provides municipalities the authority and discretion to create hotel advertising tourism improvement districts for any size hotel the municipality deems appropriate, so long as they have at least 50 rooms. City did not exceed the authority granted to it when it chose to limit the TID to hotels with 110 or more rooms. The district court erred in granting summary judgment to Toch. The district court's order is reversed and the cause is remanded for further proceedings.

TOCH I, 2020 OK 81, ¶ 32, 474 P.3d at 868. We did not direct this matter return to the district court to decide the factual issue of how many hotels objected to the creation of the TID. City and Intervenor also asserted that the district court agreed with this Court that the TID was "constitutional" because of our decision in TOCH I. We made no decisions in TOCH I regarding any of the constitutional claims, only whether the City's actions in creating the TID were authorized by the statute.

¶15 Following the filing of the Petition in Error, TOCH asked that we retain this appeal. We granted the motion to retain.

STANDARD OF REVIEW

¶16 Summary judgments are disfavored and will be affirmed only if the appellate court determines there is no dispute as to any material fact and that the party is entitled to judgment as a matter of law. TOCH I, 2020 OK 81, ¶ 15, 474 P.3d at 865.[18] Summary judgments are reviewed under a de novo appellate standard. Id.

LEGAL ANALYSIS

¶17 We first examine the trial court's finding of fact that no more than forty-two percent (42%) of the property owners within the TID objected prior to its creation. If a litigant is successful in a summary judgment proceeding, the parties are denied the right to a full trial on the merits. It is for this reason, that the province of the jury cannot be invaded, where there are material facts in dispute, it is contrary to proper summary judgment process for any court to decide disputed material fact questions. Cranford v. Bartlett 2001 OK 47, ¶¶ 2-3, 25 P.3d 918, 920. This factual dispute must be resolved from the outset. The Legislature was clear that "if the owners of fifty percent (50%) or more in area of the tracts or parcels within the district or a majority of owners of record of property in the assessment area protest, in writing, the creation of the district, the district shall not be created." 11 O.S.2011 §39-108(D). If it is determined following trial on this issue, that fifty percent or more of the hotels objected prior to the creation of the TID, then the statute is clear, "the district shall not be created."

¶18 It is undisputed that a letter was filed on behalf of TOCH and other owners and operators of twenty-two (22) different hotels and this letter was delivered to the City prior to the hearing on the creation of the TID. We previously recognized in TOCH I that although TOCH did not appear and object at the hearing, the letter filed by the attorney on its behalf as its agent constituted a valid objection sufficient to meet the statutory prerequisite to bring this action. TOCH I, supra., 2020 OK 81, ¶ 18, 474 P.3d at 865. We noted that "[a]n agency relationship generally exists if two parties agree one is to act for the other." Id. (citations omitted). Based on the representations set out in the Objection Letters, not only was the attorney acting as agent for TOCH, but also for the owners and operators of the twenty-two hotels. We previously recognized the statements by legal counsel in this letter as creating a valid agency relationship and as a valid objection on behalf of TOCH.

¶19 City and Intervenor have disputed this agency relationship as to six of these hotels by submitting affidavits to disprove TOCH's allegations. It is improper and reversible error for a trial court to weigh the evidence on a motion for summary judgment. Andrew v. Depani-Sparkes, 2017 OK 42, ¶ 33, 396 P.3d 210, 222; See also, Stuckey v. Young Exploration Co., 1978 OK 128, ¶ 15, 586 P.2d 726, 730. City and Intervenor provided four affidavits on behalf of five hotels, and one declaration on behalf of one hotel to deny they ever objected to the creation of the TID, assert the person who did object did not have the authority to object, or deny they ever authorized being included as "objecting" in the Objection Letters. They urged that six of the twenty-two hotels did not actually object, and asked that the trial court take this affidavit evidence as more believable. When dealing with disputed facts we have recognized that "it is not the purpose of summary judgment to substitute a trial by affidavit for a trial according to law. Weighing of the evidence must be left to the jury." Stuckey, supra., 1978 OK 128, ¶ 5, 586 P.2d at 730.

¶20 With respect to the trial court's Order that the "Notices to the Public" were not protests in writing sufficient to defeat the creation of the TID because they were "prepared, signed, and delivered after the Tourism District was created on November 7, 2018," we find there is insufficient evidence in the record to support this conclusion. The evidence reflects that the Mayor did not sign the Resolution until almost one month after the hearing. Both City and Intervenor have urged that some of the hotels may have objected earlier, but before the Mayor signed off they changed their mind. City and Intervenor have also urged that decisions made post November 7, 2018 hearing should be considered. There is insufficient evidence in the record to conclude what if any requirements from the City Municipal Code pertain to when a Resolution becomes effective.

¶21 Next we turn to the argument raised by City and Intervenor and the decision by the trial court that "TOCH may not re-litigate its arguments subject to a prior appeal." In TOCH I, the trial court granted TOCH's motion for summary judgment but only on the argument that the TID was improperly created because the City did not use the 50-room threshold outlined in Section 39-103.1 of the Act. City and Intervenor filed an appeal and prevailed on this one issue. TOCH did not file an appeal contesting the trial court's denial of summary judgment on all of the constitutional grounds. We decided the sole issue of whether the City exceeded its authority granted in title 11, section 39-103.1 by limiting the TID to hotels or motels with 110 or more rooms. There were no other legal or constitutional arguments before us on appeal in TOCH I. TOCH even noted in its brief on appeal in TOCH I that since the trial court had made no ruling on the constitutional arguments raised by TOCH, there was nothing to appeal in this regard. The only issue that City and Intervenor could appeal, was the sole issue decided by the trial court. TOCH did not abandon the right to raise constitutional arguments on remand.

¶22 The trial court erred in granting summary judgment on disputed material facts. The Order of the trial court is reversed and this matter remanded for further proceedings consistent with this Opinion.

DECISION OF TRIAL COURT REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS
CONSISTENT WITH THIS OPINION.

Kane, C.J., Rowe, V.C.J., Kauger, Winchester, Combs, Edmondson, Gurich,
Darby, J.J., concur;

Kuehn, J., recused.

FOOTNOTES

[1] The full text of 11 O.S.2011, § 39-108 is as follows in the Improvement District Act: (A) At the hearing of the governing body on the proposed resolution creating a district, any interested person or owner of property to be assessed for the improvement may file a written protest or objection questioning the: (1) Propriety and advisability of constructing the improvement; (2) Estimated cost of the improvement; (3) Manner of paying for the improvement; and (4) Amount to be assessed against the individual tract or parcel of land. (B) The governing body may recess the hearing from time to time so that all protestants may be heard. (C) At the hearing the governing body may: (1) Correct any mistake or irregularity in any proceeding relating to the improvement; (2) Correct an assessment made against any tract or parcel of land; (3) In case of any invalidity, reassess the cost of the improvement against an abutting tract or parcel of land; (4) Delete any tract or parcel of land, protested by the owner, from the district; and (5) Recess the hearing from time to time. (D) Within thirty (30) days after the governing body has concluded the hearing; determined the advisability of constructing the improvement and the type and character of the improvement; and created the improvement district, any person who, during the hearing, filed a written protest with the governing body protesting the construction of the improvement may commence an action in district court to correct or set aside the determination of the governing body. After the lapse of thirty (30) days succeeding the determination of the governing body, any action attacking the validity of the proceedings and the amount of benefit to be derived from the improvement is perpetually barred. Provided, however, if the owners of fifty percent (50%) or more in area of the tracts or parcels within the district or a majority of the owners of record of property in the assessment area protest, in writing, the creation of the district, the district shall not be created.

[2] ROA, Doc. #18, p. 792, Ex. 1, Resolution 11938, Jt. Mot. S.J. of City and Intervenor.

[3] Id.

[4] Id. "Assessments ... shall be calculated and determined in the same manner as the hotel tax established by City of Tulsa Ordinance No. 13288.); See also, Tulsa, OK Code of Ordinances, 13288, Section 101.- Imposition of tax; exemptions: (D) The tax to be collected shall be stated and charged separately from the rent and shall be shown separately on any record thereof at the time when the occupancy is arranged or contracted and charged for.... The tax shall be paid by the occupant to the operator as trustee for and on account of the City, and the operator shall be liable for the collection thereof and for the payment of the tax. The operator and any officer of any corporate operator shall be personally liable for the tax collected or required to be collected under this title...."

[5] ROA, Doc. #18, p. 821, Ex. 2, Aff. of Mailing of Deputy of City Clerk of Tulsa, Jt. Mot. S.J. of Def. City and Intervenor.

[6] We will not decide now whether it is constitutionally correct to give notice of the creation of improvement district solely to the "owner of the tract or parcel of land" for a proposed assessment for which the hotel Operator is liable. 39-107 B.

[7] ROA, Doc. #18, Exs. 4-5, pps. 830 -838, Nov. 5 and Nov. 7, 2018 objection letters, Jt. Mot. S.J. of City and Intervenor.

[8] ROA, Doc. #1, Exs. B -- C, pps. 40-47, Nov. 5 and Nov. 7, 2018 objection letters, Plf. Mot. S.J.

[9] ROA, Doc. #12, Transcript of Proceedings.

[10] ROA. Doc. #2, City Resp. to Plf. Mot. S.J.

[11] ROA, Doc. #3. p. 137, Intervnr Resp. to Pltf. Mot. S.J.

[12] Id. at 139.

[13] ROA. Doc. #11, p. 505, 514, J. Entry of Judgment.

[14] Id. 

[15] Id.

[16] ROA, Doc. #18., Exs. 6-10, Affidavits and Declaration, City and Intrvnr Jt. MSJ, (We note that three of the affidavits state that the hotel did not object to the creation of the TID or authorize an objection, which stands in stark contrast to the Notices to Public signed by the same individuals on behalf of the identical hotel objecting to the creation of the TID which is undisputed were filed prior to the Mayor officially signing the Resolution for the TID in December, 2018. No explanation is made for this gross discrepancy. Not only does this highlight the very real question of fact, it also questions the veracity. Two other affidavits were signed by individuals on behalf of a business entity that had no identifiable connection with the property; the entity was not the hotel operator or owner of property as listed on the City's Assessment Roster, the only two apparent entities with legal authority for the hotel. There is nothing in the record to identify what if any authority said entity had in this matter.)

[17] ROA, Doc. #35, Order on Cross Motions for Summary Judgment, June 3, 2021.

[18] Citing, Horton v. Hamilton, 2015 OK 6, ¶ 8, 345 P.3d 357, 360; see also 12 O.S.2011, § 2056(C).

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 47, 25 P.3d 918, 72 OBJ 1792, 
CRANFORD v. BARTLETT
Discussed

 
2015 OK 6, 345 P.3d 357, 
HORTON v. HAMILTON
Discussed

 
1978 OK 128, 586 P.2d 726, 
STUCKEY v. YOUNG EXPLORATION CO.
Discussed at Length

 
2017 OK 42, 396 P.3d 210, 
ANDREW v. DEPANI-SPARKES
Discussed

 
2020 OK 81, 474 P.3d 859, 
TOCH, LLC v. CITY OF TULSA
Discussed at Length

Title 11. Cities and Towns

 
Cite
Name
Level

 
11 O.S. 39-108, 
Hearings on Creation of District - Protests and Objections
Discussed at Length

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2056, 
Motion for Summary Judgment
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA